**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **PHILLIP FRANKLYN VANCE-MEYERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 26-2272-KHV** |
| | ) | |
| **JOHNSON COUNTY, KANSAS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion For Protective Order (To File Evidence Under Seal – Fed. R. Civ. P. 26(c)) (Doc. #17) filed May 18, 2026 and his supplemental Motion For Leave To File Evidence Under Seal (Doc. #20-2) filed May 25, 2026. For reasons stated below, the Court overrules both motions.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the

Court's decision-making process.  Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Plaintiff seeks to file under seal his "master evidence catalog" which consists of 230 exhibits and includes sensitive personal information and trial strategy.  Motion For Leave To File Evidence Under Seal (Doc. #20-2) at 4; Motion For Protective Order (To File Evidence Under Seal – Fed. R. Civ. P. 26(c)) (Doc. #17) at 1.  Plaintiff has not included the "master evidence catalog" with his motions to seal.  From the limited excerpts of the catalog available elsewhere in the record, it appears that the catalog includes a summary of exhibits which plaintiff ultimately intends to present at trial and does not contain sensitive personal information which is not otherwise disclosed in plaintiff's complaint.  See Master Evidence Catalog (Doc. #11-2) filed May 14, 2026 (37 pages).  Plaintiff does not explain how the exhibits relate to his complaint, which the magistrate judge is currently screening under 28 U.S.C. § 1915(e)(2)(B).  Under notice pleading requirements, plaintiff must provide "a short and plain statement of the claim" showing that he is entitled to relief, Fed. R. Civ. P. 8(a)(2), to give defendants fair notice of his claims and the grounds upon which they rest.  Conley v. Gibson, 355 U.S. 41, 47 (1957).  The notice pleading standard in Rule 8(a) relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of non-meritorious claims.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  At this preliminary stage, plaintiff must adequately plead his claims—he does not have to submit evidence in support of any such claims.  Because plaintiff has not shown a need to file a "master evidence catalog" or that he has an interest in protection of the information in the catalog which outweighs the public right of access, the Court overrules his

request to file the catalog under seal.[1]

Plaintiff also seeks to file under seal a "second supplemental memorandum" in support of his Emergency Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #4) filed May 7, 2026.  Plaintiff has not attached his proposed memorandum or explained how any information in the memorandum overcomes the presumption of public access.  Plaintiff states that the memorandum should be sealed because it "references and incorporates the sealed evidence catalog."  Motion For Protective Order (To File Evidence Under Seal – Fed. R. Civ. P. 26(c)) (Doc. #17) at 2.  As noted above, plaintiff has not attached the catalog to his motions to seal.  To the extent that information in plaintiff's "evidence catalog" could be relevant to the ruling on his motion for temporary restraining order and preliminary injunction, he has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to the records which inform the Court's decision-making process.  See Colony Ins., 698 F.3d at 1242.  The Court therefore overrules plaintiff's motions to seal.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Protective Order (To File Evidence Under Seal – Fed. R. Civ. P. 26(c)) (Doc. #17) filed May 18, 2026 is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's supplemental Motion For Leave To File Evidence Under Seal (Doc. #20-2) filed May 25, 2026 is **OVERRULED**.

Dated this 1st day of June, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1]    To the extent that plaintiff seeks a protective order for information which he produces during discovery, the Court overrules his request as premature.  If the case survives screening under 28 U.S.C. § 1915(e)(2)(B) and proceeds to an initial scheduling conference, plaintiff can renew his request at that time.